# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EDWARD KIMMIE,**

    **Plaintiff,**

    v.

**JUDGE CHRISTOPHER BOYKO,** *et al.,*

    **Defendants.**

**Civil Action 2:18-cv-334**
**Judge George C. Smith**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 3.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the undersigned for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The undersigned has reviewed Plaintiff's filing and has determined that the Court must dismiss Plaintiff's claim against one defendant and that Plaintiff's submission as to the other named Defendants violates Federal Rule of Civil Procedure 8(a). Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's claim against Defendant

Judge Christopher Boyko. Plaintiff is **ORDERED** to correct the deficiencies as to his claim against the other Defendants **ON OR BEFORE May 23, 2018**.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*       \*       \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen.*

3

*Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's claim against United States District Judge Christopher Boyko is based upon the judge's alleged failure to enter an appropriate judgment under Rule 54(b) of the Federal Rules of Civil Procedure when he dismissed an action Plaintiff had filed in the United States District Court for the Northern District of Ohio. Plaintiff alleges that Judge Boyko's action violated rights guaranteed by the United States Constitution's Due Process Clause. Plaintiff asks for monetary damages in the amount of three million dollars.

No matter how liberally the Court construes Plaintiff's Complaint, his claims against Defendant Judge Boyko are barred by the doctrine of judicial immunity. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). Judicial immunity is overcome only if the actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). A review of Plaintiff's Complaint reveals that those exceptions do not apply here. Thus, because Judge Boyko is entitled to absolute judicial immunity, it is **RECOMMENDED** that Plaintiff's claims against Judge Boyko be dismissed.

## III.

Plaintiff's claim against the other Defendants in this action appears to relate to an alleged failure by officials and/or employees of the Ohio Department of Rehabilitation and Correction to

4

provide Plaintiff necessary medical care for bone spurs in his neck. Plaintiff names the following people, all apparently associated with the Ohio Department of Rehabilitation and Correction, as Defendants: Gary Croft, J. Moore, Annette Chambers, Ms. Champney, Dr. Kline, Lt. Jamison, and Mrs. Mahlam. In the allegations in support of his claim, however, he identifies actions by only the following three people: Dr. Lesniact, Dr. Peppers, and the institutional inspector of p.c.i.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). To state a claim for a violation of that right under 42 U.S.C. § 1983, a prisoner must allege the violation and "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The prisoner must allege that the defendant has violated the Constitution through his or her "own individual actions." *Iqbal*, 556 U.S. at 676. In addition, a prisoner may not base a claim against a defendant upon the actions of that person's subordinates or employees. *Id.* In other words, a prisoner states a claim under § 1983 only by alleging facts showing specifically how the actions of a specific state official or employee violated the Constitution.

Plaintiff's Eighth Amendment claim violates Rule 8(a) of the Federal Rules of Civil Procedure, which provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's current submission is deficient because he has not alleged *any* action by *any* of the named Defendants. The undersigned cannot, therefore, discern the factual basis for his Eighth Amendment claim as it pertains to any of the people he has named. Unless Plaintiff supplements the allegations in his Complaint by identifying the specific events that gave rise to his claim and the specific involvement of each Defendant in those events, the undersigned will recommend the dismissal of his claim against Defendants Croft, Moore, Chambers, Champney, Kline, Jamison, and Mahlam.

Plaintiff is **ORDERED** to correct the foregoing deficiencies **ON OR BEFORE May 23, 2018**. To comply with this order, Plaintiff must submit an amended complaint that complies with Rule 8(a)'s requirements, as set forth above. The undersigned cautions Plaintiff that failure to timely comply with this Order will result in a recommendation of dismissal.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Plaintiff is further specifically advised that the portion of this document that constitutes the Report and Recommendation is just that part that recommends the dismissal of his claim against Judge Boyko. Accordingly, only his objections to that portion of this document are due within fourteen days of the date of this Order and Report and Recommendation.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE